HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS E DAVIS, | CASE NO. C14-5272 RBL |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| LEAH CHERI PARKER, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Davis's Motion for Reconsideration [Dkt. #4] of the Court's Order [Dkt #3] denying his application to proceed *in forma pauperis* [Dkt. #1].

The case apparently arises out of a child support dispute and order dating to 1996. Davis' complaint alleges a variety of claims arising out of his subsequent state court efforts to overturn that decision. This Court denied the IFP application because this court does not have jurisdiction to hear "appeals" of state court determinations, or to give second (or third or fourth) bites at the apple.

Davis's determined, if unsuccessful, efforts in the state court date to at least 1996. The early phase is described in *State ex rel. J.P.P v. Davis*, 121 Wash. App. 1019 (2004), 2004 WL

1  901553.  There, Division II of the Washington Court of Appeals affirmed the child support order

2  on the merits.  The Washington Supreme Court declined to accept review of that decision.  *State*

3  *ex rel. J.P.P v. Davis,* 153 Wn.2d 1012 (2005).

4  Seven years later, Davis asked the trial court to vacate its original order under Civil Rule

5  60(b), alleging fraud.  It refused, and Davis appealed again.  On September 10, 2013, Division II

6  affirmed, again.  *State ex rel. J.P.P v Davis,* 176 Wash. App. 1022 (2013), 2013 WL 5230679.

7  Davis's own Motion attaches and apparently relies upon his Petition for Review of that decision

8  to the Washington Supreme Court—including that Court's February 5 2014 Order denying his

9  Motion for an Extension of Time to file the Petition. [Dkt. #4 at Exs. 1 and 2].

10  Plaintiff asked this Court to review and correct or otherwise "undo" the state Courts'

11  various decisions, which this court cannot do.  His Motion for Reconsideration complains

12  vehemently (and incorrectly) that the Court improperly referenced the "prisoner screening" IFP

13  statute (28 U.S.C. §1915A) but he does not address the fact that the "regular" IFP statute (the one

14  the referenced in the court's order)—28 U.S.C. §1915(e)(2)(B)(i) and (ii)—similarly provides

15  that a case shall be dismissed if "it is frivolous, malicious, or fails to state a claim upon which

16  relief may be granted."

17  Davis also claims, and admits, that his complaint asks this Court to review prior state

18  court adjudications:

19  ```
    This Court has wrongfully chosen to support the bias
20  finding of the trial court, support the fabricated claims of the
    Washington State Court of Appeal Division II, which are not part
21  of the official trial court record or transcript, dated July
    2011, and the Washington State Supreme Court who simply decided
22  to pick three out of 30 cases for judicial review, and my case
23  was not selected in the judicial lottery.
    ```

24

1   DKt. # 4 at 10]. Davis's Motion does not cure the problems with his complaint as
2   articulated by this Court in its prior order. This Court does not have jurisdiction to hear appeals
3   from state court determinations:

4   To the extent Plaintiff asks this Court to review a decision of the state court, this Court
5   has no jurisdiction to do so. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *Dist.*
6   *of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). It is also apparent that
7   Davis's claims are barred by *res judicata* and or collateral estoppel.

8   The Motion for Reconsideration is DENIED. The Complaint remains frivolous on its
9   face for the reasons stated above and previously. Davis has not paid the filing fee and has not
10  amended his Complaint to assert a cognizable claim. He shall do one or other within ten days of
11  the date of this Order, and if he does not the case will be dismissed with prejudice. Even if
12  Plaintiff pays the filing fee, the current complaint remains frivolous and may be dismissed on the
13  Court's own Motion under the authorities described above.

14  IT IS SO ORDERED.

15  DATED this 14th day of May, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

- 3